MEAK TURNER V. THE TEXAS COMPANY ET AL.

No. 7788. Decided February 4, 1942.
Rehearing overruled March 4, 1942.
(159 S. W., 2d Series, 112.)

*Napier & Napier,* of Wichita Falls, for plaintiff in error.

The defendant, although request by plaintiff, having failed to produce its driver, and thus taking plaintiff by surprise and leaving him with no further proof of the issue than the circumstances, it was improper for the Court of Civil Appeals to reverse and render, rather than reverse and remand the case. Railroad Com. v. Humble Oil & Ref. Co., 123 S. W. (2d) 423; Barber v. Anderson, 127 S. W. (2d) 358; Austin v. DeGeorge 55 S. W. (2d) 585.

*Cantey, Hanger, McMahon, McKnight & Johnson, James C. Wilson, Jr., Carlisle Cravens* and *John Davenport,* all of Fort Worth, for defendants in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals reversed the trial court's judgment in favor of plaintiff in error, Meak Turner, against defendants in error, The Texas Company and J. J. Hagan, for $15,000.00 as damages for personal injuries suffered by plaintiff in error in an automobile collision, and rendered judgment that plaintiff in error take nothing, holding that the evidence was wholly insufficient to raise the issues of discovered peril submitted to the jury and answered favorably to plaintiff in error. 138 S. W. (2d) 861.

No primary negligence is alleged in plaintiff's petition, recovery being sought solely under the doctrine of discovered peril.

Defendants offered no evidence and the only evidence showing how or why the collision occurred was the testimony of plaintiff, which is in substance as follows: He was employed by a bakery and drove its truck in delivering its products. Just before he was injured he made his last delivery of bread at a store situated on the north side of the paved public highway running approximately east and west between Wichita Falls and Iowa Park and at the place where the highway is intersected by Beverly Drive, a road running north and south. He stopped his truck in front of the store on the north side of the highway, off the pavement, facing toward Wichita Falls (east) and about six or seven feet west of Beverly Drive. The paved part of the Wichita Falls-Iowa Park highway was eighteen or twenty feet in width and it had smooth gravel shoulders about twenty-five feet wide on each side. After delivering bread at the store he intended to return home, and to do that he would drive south on Beverly Drive toward Wichita Falls. When he started to get in the truck he looked for traffic, first toward Wichita Falls and "did not see any car coming in that direction." He looked back west toward Iowa Park and saw a car about a mile or a mile and a quarter from where he was, but he could not tell whether it was moving or standing still. It was the only car visible in either direction. There was nothing approaching him within such distance as would interfere with his turning across the road from the east. Then he got in the truck, straightened out a cushion that he was using, pushed a bucket of gravy out of his way, pushed the starter button, angled and cut across on Beverly Drive until he was across the pavement and ten or twelve feet off of it and on the gravel road. Then he heard a crash, felt himself being lifted in the air, and knew that someone had hit his truck and that it had turned over in the air. When he crossed the highway he went all the way across in low gear. He did not look back again up the highway after he entered the truck, believing that there was no occasion to do so because he had looked and did not see a car within a mile or a mile and a quarter of him. In his opinion it took him about a minute, from the time he looked, to cross the highway and reach the place ten or fifteen feet off the pavement where he was struck. From the point where he saw the automobile a mile or a mile and a quarter up the highway to the place where he made the turn the road was straight and level and there were no trees, shrubbery or other obstructions along the side of the road or in it, and if he had been up there a mile or a mile and a quarter away there was

no obstruction of any kind that would have prevented him from seeing his truck at all times. The day was very clear.

The issues submitted to the jury and answered in the affirmatime were:

"(1) Do you find from a preponderance of the evidence that the driver of the automobile observed the truck as he approached the same, and knew and realized the perilous position of said truck and its occupant, and knew and realized such facts at a time, when by the use of the means at hand, having due regard for his own safety, and the safety of his automobile, and the contents thereof, he could have avoided the collision by the exercise of ordinary care?"

"(2) Do you find from a preponderance of the evidence that the driver of the automobile failed to exercise ordinary care at the time referred to in Special Issue No. 1 to use the means at hand to avoid the collision, having due regard for his own safety, the safety of his automobile and the contents thereof?"

The other two special issue related to proximate cause and the amount of damages.

■ We agree with the conclusion expressed by the Court of Civil Appeals that the issues above quoted were not raised by the evidence. In our opinion the evidence tends rather to prove primary negligence on the part of the driver of the automobile, that is, negligence in failing to keep a lookout or in driving at an excessive rate of speed or both.

The three essential elements of discovered peril are thus clearly and briefly stated by Judge Spencer in Baker v. Shafter (Com. App.) 231 S. W. 349:

"The doctrine of discovered peril involves three elements, viz: (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendant's agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means."

See also Northern Texas Traction Co. v. Singer, 34 S. W. (2d) 920; Texas Electric Service Co. v. Kinkead, 84 S. W. (2d) 567.

Actual discovery of the perilous position of the plaintiff is essential to recovery. It is not enough that the one inflicting the injury should have discovered the peril of the person injured or that he was negligent in not discovering it. Associate Justice Denman, in Texas & Pacific Ry. Co. v. Breadow, 90 Texas 26, 31, 36 S. W. 410, states this rule as follows:

"The principle, however, has no application in the absence of actual knowledge, on the part of the person inflicting the injury, of the peril of the party injured, in time to avoid the injury by the use of the means and agencies then at hand. If he had no such knowledge the new duty was not imposed, though it be clear that by the exercise of reasonable care he might have acquired same. The burden of proof was upon plaintiff in this case, in order to recover for a breach of such new duty, to establish, not that the employes might by the exercise of reasonable care have acquired such knowledge, but that they actually possessed it."

See also Texas & Pacific Ry. Co. v. Staggs, 90 Texas 458, 39 S. W. 295; St. Louis S. & W. Ry. Co. v. Watts, 110 Texas 106, 216 S. W. 391; Malone v. City of Plainview, 127 S. W. (2d) 201; Barber v. Anderson, 127 S. W. (2d) 358.

It is held that the time of discovery is the crucial issue in discovered peril cases and that an issue presenting the element of time must be directly submitted. Northern Texas Traction Co. v. Weed (Com. App.) 300 S. W. 40, 44; Northern Traction Co. v. Singer, 34 S. W. (2d) 920; Malone v. City of Plainview, 127 S. W. (2d) 201. Justice Critz, writing as Commissioner the opinion in the Weed case, supra, said with reference to the element of time: "The vital and controlling issue in every case of discovered peril is whether the perilous position of the injured party is discovered in time to avoid the injury by the use of all the means at hand."

There must be also, of course, evidence tending to prove the third element, that is, that the person who caused the injury failed, after discovering the peril, to exercise ordinary care in using the means at hand to avoid injury to the person in peril.

■ From the fact that the highway was straight and the view unobstructed for a mile or a mile and a quarter the jury could reasonably have inferred that the driver of the automobile,

being under the duty to keep a lookout, at some time before the collision saw the plaintiff's truck crossing the road. Brown v. Griffin, 71 Texas 654, 9 S. W. 546; Texas & N. O. Ry. Co. v. Goodwin, 40 S. W. (2d) 182 (application for writ of error refused). Even if we may say that the jury could reasonably have found from the facts in evidence that the driver of the automobile at all times, that is from the time when he was a mile or a mile and a quarter away from the place of the collision until the cars collided, actually saw the plaintiff's truck, there is no evidence tending to prove when plaintiff's position became perilous or when the driver of the automobile discovered or realized that it was perilous. Certainly it does not appear that there was imminent danger of injury to plaintiff from the approaching automobile when it was half a mile or even a quarter of a mile away, whether plaintiff was then crossing or was starting to cross the highway. It is difficult to understand how plaintiff could have been in a position of peril at all until a very short time before the collision occurred if there was no other traffic, no other persons or vehicles near. The highway was level and paved, with smooth gravel shoulders twenty-five feet wide on each side of the pavement. It is possible that other automobiles may have entered the highway from Beverly Drive or that pedestrians may have come upon the highway and that thereby traffic conditions became such, a short time before the collision, as to place plaintiff's truck in a position of peril. But there is no evidence showing that such condition arose or the time when it arose. Plaintiff's testimony about observing traffic is confined to his looking down the highway and up the highway just before he entered the truck. After that he did not look. Furthermore, there is no evidence showing what the driver of the automobile did or failed to do or could have done to avoid the collision after he discovered plaintiff's perilous position, if plaintiff was in such position, and if the driver discovered that he was. A jury cannot find that a person failed to exercise ordinary care under the curcumstances existing at a certain time when the evidence does not disclose what the circumstances were.

Plaintiff in error relies upon T. & N. O. Ry. Co. v. Goodwin, 40 S. W. (2d) 182 and Brown v. Griffin, 71 Texas 654, 9 S. W. 546, to support his contention that there was evidence sufficient to raise the issues which make a case of discovered peril. There are important differences between the facts of those cases and the facts of this case. In both of those cases it was proven that the plaintiff was actually in peril and the

facts in evidence were such that the operator of the railway train, if he saw the plaintiff, must necessarily have realized his peril. In the Goodwin case the plaintiff's automobile became stalled on the railroad track before the train was in sight and remained stalled there until it was struck by the train. There was testimony that those operating the engine could have seen the stalled car at a distance of three hundred or five hundred yards. In the Brown-Griffin case the plaintiff on foot stopped at the edge of the railroad track near the end of the cross ties and stood there for a minute or a minute and a half while the engine that struck him was approaching at a rate of from four to eight miles per hour. There was direct evidence in the Griffin case that the operator of the train did nothing to shut off the power, did not quit working steam and did not apply the brakes before the collision. The opinion in the Brown-Griffin case states as a fact that no bell was rung or whistle blown. In the instant case, as has been said, there is no evidence showing when the plaintiff's position became perilous or that he was actually in a position of peril for any considerable time before he was struck and there is no evidence that the driver of the automobile failed to exercise ordinary care to avoid injuring plaintiff.

In Hines v. Arrant, 225 S. W. 767, (application for writ of error refused) cited in the Goodwin case, supra, the operator of the train failed to sound the whistle or ring the bell and thus warn the plaintiff, who was slowly approaching a crossing in his automobile. The opinion does not set out the facts fully but contains statements to the effect that there were circumstances which indicated that the engineer did see the plaintiff's danger, and further that there were circumstances from which the engineer could reasonably infer that the plaintiff would likely undertake to cross the track.

Plaintiff would support the very meager evidence in the record by presumption arising from the failure of defendants to offer the testimony of defendant J. J. Hagan, who it is alleged was the driver, as an employee of defendant, The Texas Company, of the automobile that struck plaintiff's truck. Hagan did not testify. When plaintiff rested counsel for defendant announced that defendants rested. Thereupon plaintiff's counsel asked the court to permit him to withdraw his announcement in order to introduce more evidence, saying that he desired to offer the testimony of J. J. Hagan and asking defendants' counsel whether Hagan would be available. He was told by

counsel that he had never seen Hagan. He then said that he would offer Hagan's former testimony and was told by defendants' counsel that he would object to that testimony. Thereupon plaintiff's counsel called plaintiff again to the stand and he testified briefly to the condition of the highway at and near the place of collision.

■ The fact that the record contains no evidence tending to prove that Hagan was the driver of the automobile that struck plaintiff's truck or that he was present at or near the place of the collision fully answers the contention that plaintiff's case can be aided by the failure of the defendants to produce Hagan's testimony. But even if it were assumed that Hagan was the driver of the automobile, a presumption that his testimony would be favorable to the plaintiff would not relieve the plaintiff from proving his case. The rule is that such presumption does not arise until the party upon whom the burden of proof rests has made a prima facie case. Texas & Pacific Ry. Co. v. Shoemaker, 98 Texas 451, 456, 84 S. W. 1049; Pullman Palace-Car Co. v. Nelson, 22 Texas Civ. App. 223, 54 S. W. 624, 626; Wichita Falls R. & Ft. W. Ry. Co. v. Emberlin, 255 S. W. 796, 805; Texas Unity Oil Co. v. Dolman, 8 S. W. (2d) 815; Schumacher v. Missouri-Pacific Transp. Co., 116 S. W. (2d) 1136; Railroad Commission v. Humble Oil & Refining Co., 123 S. W. (2d) 423; McCormick and Ray's Texas Law of Evidence, pp. 108-111, Sec. 59. The burden was upon the plaintiff to prove all of the three elements of discovered peril. His evidence did not make a prima facie case.

The Court of Civil Appeals sustained assignments of error in appellants' (defendants') brief that no evidence was adduced on the trial tending to prove that the driver of the automobile belonging to The Texas Company was an employee of that company or that at the time of the collision he was engaged in the course of his employment. In their answer filed in this court to the application for the writ of error defendants apparently waived those assignments as grounds for reversal of the trial court's judgment. But whether the assignments have been waived or not we do not need to consider them because we approve the decision of the Court of Civil Appeals reversing the trial court's judgment for want of evidence raising the issue of discovered peril.

■ The writ was granted on an assignment that the Court of Civil Appeals erred in rendering judgment for defendants

instead of reversing and remanding the cause. It is argued in support of the assignment that upon another trial plaintiff may be able to procure the testimony of the driver of the automobile and that issues of primary negligence could be submitted to the jury. We do not believe that this court would be justified in remanding the cause to give plaintiff the opportunity to change his ground of recovery and sue for damages on account of primary negligence after having elected, evidently with full knowledge of the facts, to allege in the petition upon which he went to trial a cause of action solely under the doctrine of discovered peril. We have reached the conclusion, however, that the case has not been fully developed, particularly because of the absence of the testimony of the driver of the automobile. The record suggests that plaintiff and his counsel may not have been at fault in failing to procure this testimony and that they may reasonably have expected that defendants would offer the driver of the automobile as a witness. We believe, therefore, that the cause should be remanded for another trial. Article 1771, Revised Civil Statutes 1925; Rule 505, Texas Rules of Civil Procedure; Chaney v. Coffey, 131 Texas 212, 216, 113 S. W. (2d) 162, 114 S. W. (2d) 533; Paris & G. N. Ry. Co. v. Robinson, 104 Texas 482, 492, 140 S. W. 434.

■ In view of another trial, it is necessary to discuss briefly the form of the first special issue submitted to the jury. Objections made were that the issue was multifarious and that it assumed to be true one or more of the controverted questions of fact in the case. It is argued that the issue is a combination of three ultimate issues that should have been separately submitted, namely, (1) the existence of a perilous position; (2) the defendants' actual discovery of the perilous position and (3) its discovery in time that the collision could have been avoided by the use of the means at hand. The issue is as follows:

"Do you find from a preponderance of the evidence that the driver of the automobile observed the truck as he approached the same, and knew and realized the perilous position of said truck and its occupants, and knew and realized such facts at a time, when by the use of the means at hand, having due regard for his own safety, and the safety of his automobile, and the contents thereof, he could have avoided the collision by the exercise of ordinary care?"

We do not find in the issue the submission of the question whether the plaintiff was in a position of peril. The issue

assumed that he was and is for that reason objectionable. Each of the three elements of discovered peril should be submitted separately as special issues. The plaintiff is required to prove each of the three elements. Each should be treated as a special issue, required by Rule 277, Texas Rules of Civil Procedure, to be submitted distinctly and separately. They are the issues necessary to sustain discovered peril as a ground of recovery. The three elements are : (1) that the plaintiff was in a position of peril; (2) the actual discovery by the person who inflicted the injury of the perilous position of the plaintiff in time to have averted injury to him by the use of the means at hand; (3) the failure thereafter to exercise ordinary care in the use of the means at hand.

The submission in one issue of the second of the three elements above stated, is in our opinion not objectionable as multifarious or as an improper grouping of two issues. It is the grouping of two facts, the actual discovery and the time of the discovery, which make up the ultimate issue, which is whether actual discovery was made at such time that the injury could have been averted. These two facts must concur. The plaintiff must prove both by a preponderance of the evidence and unless he does so the issue submitting the two facts conjunctively cannot be answered in the affirmative. Such submission imposes no undue burden upon the plaintiff and should give the defendant no cause for complaint. Austin v. De George, 55 S. W. (2d) 585; City of Abilene v. Moore, 12 S. W. (2d) 604 (application for writ of error refused) ; Texas Employers' Ins. Assn. v. Rowell, 104 S. W. (2d) 613; Speer's Law of Special Issues, pp. 240-241, Sec. 184, pp. 243-245, Sec. 187.

The trial court correctly submitted as separate issues the question whether the driver, after the discovery of plaintiff's peril, failed to exercise ordinary care, and the question of proximate cause.

The judgments of the district court and Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court February 4, 1942.

Rehearing overruled March 4, 1942.