MRS. KELLEY LUCEIL PARKS v. AIRLINE MOTOR COACHES, INCORPORATED.

No. A-735. Decided April 17, 1946.
Rehearing overruled May 15, 1946.
(193 S. W., 2d Series, 967.)

*J. Edwin Smith, Allen Smith & Neal,* all of Houston, and *Campbell & Foreman,* of Livingston for petitioner.

It was error for the Court of Civil Appeals to hold that no issue of discovered peril was raised for the jury. Brown v. Griffin, 71 Texas 654, 9 S. W. 546; Hines v. Arrant, 225 S. W. 767; Houston & T. C. Ry. Co. v. Finn, 101 Texas 511, 109 S. W. 918.

*A. D. Dyess, Dyess & Dyess* and *Strasburger, Price, Holland, Kelton & Miller* and *Hobert Price,* all of Dallas, for respondent.

The rule of discovered peril does not apply in a case where the bus driver had no reason to believe that deceased would go upon the highway without stopping and looking, and in fact did stop before suddenly stepping onto the highway in the path of the oncoming bus. Huntley v. Psimenos, 67 S. W. (2d) 350; Joske v. Irwin, 91 Texas 574, 582, 44 S. W. 1059; Jewell v. El Paso Elec. Co., 47 S. W. (2d) 328.

MR. JUSTICE SHARP delivered the opinion of the Court.

This action, in which the doctrine of discovered peril is invoked, was brought by Mrs. Kelley Luceil Parks to recover damages for the negligent acts of the driver of respondent's bus which struck and killed her husband, Ira Parks, while he was attempting to cross a public highway on foot at a place other than an intersection. Trial was to a jury, which found that both the driver and Ira Parks were guilty of various acts of primary

negligence and contributory negligence, which proximately caused Parks' death. Issues on discovered peril were answered in petitioner's favor. Based thereon, judgment was entered for petitioner for $7,485.00. The Court of Civil Appeals reversed and rendered the judgment of the trial court. 190 S. W. (2d) 142.

The Court of Civil Appeals held that the evidence failed to raise the issue of discovered peril. This Court granted a writ of error in order to review the evidence on this point. The testimony relating to the special issues on the primary negligence of the bus driver and the deceased has no bearing on this question, except in so far as such testimony is relevant to the subject of discovered peril. The essential facts are as follows:

The accident occurred about 9:30 a. m., on a clear day, on the heavily traveled Houston-Livingston highway, only a few miles from the City of Houston. The highway is a two-lane paved road, with wide, smooth, shell shoulders at the place of the accident. At the scene of the accident there are stores and shops along both sides of the highway, which front on an extension of the shoulder. At that place the highway runs north and south.

Ira Parks had been in the vicinity of the accident, off and on, since very early that morning. Around 6:00 a. m. another bus had been forced to stop to avoid striking him. Some thirty minutes before being killed he had been struck and knocked down by a passing car. About ten minutes before the accident he had been seen on the shoulder, thumbing his nose at a person and "wiggling around and doing funny motions." There is evidence that he was intoxicated. However, the jury found that he was not, and there is evidence to support their finding.

Parks had been walking in front of some of the stores on the east side of the highway. Apparently he intended to catch a bus which was waiting on the western side and headed in a southerly direction toward Houston. He was six to ten feet from the paved portion of the highway, walking directly up to it, when he was first noticed by witnesses in connection with this accident. There is no evidence that he was walking in any other than an ordinary manner at that particular time. The bus driver saw him when Parks was about six feet from the highway, at a time when the bus was about 100 feet away. A passenger on the bus saw him approaching the highway about ten feet back from the highway. Parks was looking either straight ahead or down the highway, away from respondent's bus which was approaching from the south going north. Testimony as to the speed

of the bus varied from 25 to 65 miles per hour. The driver testified that he was going 30 to 35 miles per hour, but was gaining speed, having just passed a car. It is undisputed that there were cars ahead and behind respondent's bus.

After the bus driver saw Parks walking up toward the highway, he continued to watch him. When Parks got to within two or three feet of the pavement, he acted in a manner which is subject to varied testimony. All of petitioner's witnesses, and some of respondent's witnesses, including the driver, testified that Parks came to a complete stop. Some said he continued to look straight ahead; others that he watched traffic approaching from the north; and one witness for petitioner said he stopped and looked both ways. Witnesses for Mrs. Parks all stated that Parks remained in that position, a place of apparent safety, and that the bus ran off the highway onto the shoulder and struck him. Oother witnesses stated that at this point the driver sounded his horn, causing Parks to stop or hesitate or jerk; but that Parks nevertheless walked out, or rushed out, in front of the bus. But viewing the case most favorably to petitioner on the issue of discovered peril, the driver himself testified that he saw Parks walk up toward the pavement and stop about three feet from the highway; that up to that point he had done nothing except watch Parks and continue down the road. Parks was in this position until the bus was about 20 feet from him. Then he stepped or lurched onto the highway. The driver testified that at the instant Parks set foot on the highway, but not before, he applied his brakes, sounded his horn, and swerved the bus to the left to such an extent that it almost collided with a bus stopped across the road from Parks. Eight witnesses for respondent testified that Parks was struck while on the highway. The testimony with reference to where he was struck on the highway varied from two feet on the pavement all the way to the center thereof. It is undisputed that when Parks reached a point two or three feet from the highway, he did either stop, hesitate, or jerk.

The jury found that the bus was being operated at an excessive speed; that the driver failed to slacken his speed when he first saw Parks; that he failed to keep a proper lookout for Parks along the shoulder; and that all these acts constituted negligence and were a proximate cause of Park's death. The jury found that Parks failed to keep a proper lookout and failed to stop and look before stepping onto the paved portion of the highway, and that such acts constituted contributory negligence and were a proximate cause of his death. It was found that Parks

was negligent in crossing the road at a place other than an intersection, but that this action was not a proximate cause of his injury. It was further found that the occurrence was not the result of an unavoidable accident.

On the issues of discovered peril the jury found that Parks was in a position of peril immediately before being struck; that the driver discovered and realized the perilous position of Parks in time to have avoided the accident by the exercise of ordinary care in the use of all the means at his command, consistent with the safety of himself, his bus, and his passengers; that the driver's failure to do so constituted negligence, and that such negligence was a proximate cause of Park's death.

■ The rule for allowing recovery of damages under the doctrine of discovered peril is exacting. The issues arising from primary negligence and contributory negligence becomes immaterial in passing on the issue of liability under this rule. The basis for recovery rests upon humane principles and public policy, and not upon the negligence or dereliction of the injured person. The sole question for determination is whether there is evidence that the driver of the bus actually discovered the perilous position of the deceased in time to have avoided striking him, by the use of all the means at his command, consistent with the safety of himself, his bus, and his passengers. The burden was upon the plaintiff to establish this fact. That the driver was guilty of violating those humane principles will neither be imputed nor presumed, but such guilt must be proved by competent evidence. In order to sustain a recovery, it must be shown that the driver actually discovered deceased and realized his perilous position in time to have averted the injury. If this is not done, no basis for recovery is established. Texas & N. O. Railroad Co. v. Grace et al, 144 Texas 71, 188 S. W. (2d) 378; Texas & Pacific Ry. Co. v. Brown, 142 Texas 385, 181 S. W. (2d) 68; Texas & Pacific Ry. Co. v. Breadow, 90 Texas 26, 36 S. W. 410; Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.), 240 S. W. 524; Baker v. Shafter (Tex. Com. App.), 231 S. W. 349; Turner v. Texas Company, 138 Texas 380, 159 S. W. (2d) 112.

■ When the driver of the bus saw Parks walking up toward the highway, he had a right to presume that Parks would not negligently go upon the highway in the path of the bus. Texas & N. O. Ry. Co. v. Brannen, 140 Texas 52, 166 S. W. (2d) 112. The driver can not be said to have been guilty of negligence, in so far as the doctrine of discovered peril is concerned, unless he

knew that Parks was going to attempt to cross the highway in the path of the bus, and thus place himself in a position of peril. Texas & Pacific Ry. Co. v. Brown, 142 Texas 385, 181 S. W. (2d) 68. When Parks stopped or hesitated some three feet from the highway, such action was in harmony with the presumption that he would not do the negligent act of placing himself upon the highway in the path of the bus. Being on foot, it was within Parks' power to stop at any step, and the driver had the right to presume, under the facts of this case, that he would not place himself in a perilous position.

■ However, when Parks started forward again and placed his foot upon the highway, without looking in the direction of the oncoming bus, there were circumstances sufficient to apprize a person of ordinary prudence that Parks was unobservant of the danger of his course and position; and the duty devolved upon the driver of the bus, after the discovery of such fact, to exercise ordinary care in the use of all the means at his command, consistent with the safety of himself, his bus, and his passengers, to avoid injuring Parks. But this discovery and realization of the perilous position of Parks, in order to constitute negligence on the part of the driver of the bus, must have been *in time* for the driver to have avoided the injury by the use of ordinary care. When Parks moved forward from his position three feet from the highway, the bus was but 20 feet away, traveling at a minimum of 25 miles per hour, or approximately 37 feet per second, and therefore the driver had actually less than a second in which to act to avert the accident.

Discovery *in time* is one of the essential elements in the establishment of liability under discovered peril. Texas & Pacific Ry. Co. v. Breadow, 90 Texas 26, 36 S. W. 410; Turner v. Texas Company, 138 Texas 380, 159 S. W. (2d) 112; Northern Texas Traction Co. v. Weed (Tex. Com. App.), 300 S. W. 41; Wichita Coca Cola Bottling Co. v. Levine (Tex. Civ. App.), 68 S. W. (2d) 310 (writ refused). In this case there is not sufficient evidence to raise the issue of discovered peril, and there is no evidence that the driver of the bus was put on notice of the perilous position of Parks *in time to have averted the injury.*

This case is clearly distinguishable from that of Texas & N. O. Ry. Co. v. Krasoff, 144 Texas 436, 191 S. W. (2d) 1, and similar cases. In the Krasoff case the driver of an automobile was slowly approaching a railroad crossing, and he slowed down or stopped his car. When he was some 30 feet from the crossing, and the engine of the train was 300 or 400 feet away, he

started again moving toward the tracks. The engineer himself testified that at that moment he realized that the automobile was going to continue onto the tracks. Liability was imposed because the engineer thereafter failed to use the means at hand to avert the collision. Similar cases are Texas Central Ry. Co. v. Dumas, (Tex. Civ. App.), 149 S. W. 543 (writ refused), and Galveston, H. & S. A. Ry. Co. v. Wagner (Tex. Com. App.), 298 S. W. 552.

We have carefully reviewed the evidence presented, and have concluded that the Court of Civil Appeals correctly decided that such evidence failed to raise the issue of discovered peril.

In view of our holding in this case on the issue of discovered peril, it is unnecessary to consider the other questions presented.

The judgment of the Court of Civil Appeals, which reversed and rendered the judgment of the trial court, is affirmed.

Opinion delivered April 17, 1946.

Rehearing overruled May 15, 1946.