THE SCHUMACHER COMPANY V. MARCUS L. POSEY.

No. A-1831. December 1, 1948.
Rehearing overruled January 12, 1949.
(215 S. W., 2d Series, 880.)

*Thomas M. Phillips,* and *Baker, Botts, Andrews & Parrish,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the evidence raised issue of discovered peril which should have been submitted to the jury, as the evidence in the case was contradictory as to which vehicle was on the wrong side of the road. In which case the doctrine of discovered peril was raised without regard to the time element within which the collision could have been avoided. Phoenix Refining Co. v. Morgan, 178 S. W. (2d) 175, writ of error refused, want of merit; Magee v. Cavins, 197 S. W. 1015; Ruggles v. John Deere Plow Co., 146 S. W. (2d) 456, writ of error refused.

*Stewart, Burgess & Morris, W. Carloss Morris, Jr.,* and *Sam W. Mintz,* of Houston, for respondent.

In rebuttal of petitioner's proposition, cited: Surkey v. Smith, 136 S. W. (2d) 893; Texas Pac. Coal & Oil Co., v. Wells, 151 S. W. (2d) 927; Burton v. Billingsly, 129 S. W. (2d) 439.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

This cause is here solely on the question of whether the trial court erred in declining to submit to the jury issues on discovered peril which had been requested by the plaintiff, Marcus L. Posey. In his action for damages growing out of a highway traffic collision, a jury convicted him of contributory negligence and the judgment of the district court was against him. The Court of Civil Appeals concluded there was no error in failing to submit discovered peril to the jury and remanded the cause to the district court for another trial. 212 S. W. (2d) 199.

Posey sued The Schumacher Company for damages following a collision between a dump truck he was driving and an automobile operated by Mrs. Eloise B. Weems, agent of the defendant. When the wreck occurred, Posey was going southeasterly on Winkler Drive in Houston and Mrs. Weems was approaching him from the opposite direction. It was four or five o'clock in the afternoon of May 2, 1946. The day was clear and the roadway dry. The paved portion of the road was eighteen to twenty feet wide. On Mrs. Weems' right-hand side the shoulder was rather wide and covered with grass, but dropped abruptly four or five inches from the level of the pavement. The left front part of Mrs. Weems' car and the left rear section of Posey's truck collided.

Three eye-witnesses to the mishap testified. These were Posey, Mrs. Weems, and Bowen Ray Hart.

Posey, who was driving about twenty-five miles an hour at the time of the accident, testified that he did not realize there was going to be a collision until the machines came together. Also, that he and Mrs. Weems had both been on their own right-hand side of the road as the front fenders of the vehicles cleared each other, and it was immediately afterwards that he felt the impact.

In her testimony Mrs. Weems described the occurrence as follows: "Well, the best I can recall, I was driving along in back of these cars, not very fast, and so I would meet a car occasionally, and all at once, I looked up and I saw this truck coming, and just as it approached toward me, I saw it swerve toward my side, and I made a remark to myself, 'that crazy fool is fixing to run into me,' and I immediately removed my foot from the gas accelerator, and I pulled to the side and slowed up as much as I could, and before I got all the way off, I was in this collision * * *." She also testified that she first realized that the collision was about to happen when she "saw the truck coming" toward her. Asked why she did not drive upon the shoulder when she saw the truck coming, she testified it was too close to her. Also, that she did try to avoid the collision by getting off the shoulder as far as she could, and she thought one-half of her car was off the pavement when the vehicle collided. Further, she testified she imagined the truck was half a block away when she first saw it but would not say how far off it was when it started coming toward her. She could give no reason why she did not continue on the shoulder when she saw the truck coming on the wrong side.

Hart testified he was driving a truck following Mrs. Weems' car at an interval of about forty yards and they were both going some forty-five miles an hour. As he first observed Posey's truck approaching some fifty or seventy-five yards away, he was not expecting an accident to occur. He also testified that Mrs. Weems ran the right-hand wheels of her car off the pavement and pulled back on the road and then "cut across the road and hit that truck." This, he testified, "happened pretty quick." Mrs. Weems' right wheels, he testified, were off the pavement about "how long it takes you to get off the road and pull back on." He testified further that Mrs. Weems' car and the truck "couldn't have been very far apart, if any," when she got off the road. His testimony was that the truck was on its own right-hand side of

the road when Mrs. Weems' left front fender and wheel struck its left rear section.

Thus it appears from all the evidence that this disaster developed very suddenly. Posey saw nothing amiss when the front ends of his truck and Mrs. Weem's car passed, yet the collision occurred before the vehicle had cleared. Hart saw nothing wrong until Mrs. Weems' right wheels dropped off the pavement to the shoulder below, after which the car immediately regained the pavement and headed toward the truck. The testimony of these witnesses, taken either separately or together, does not raise the issue of discovered peril. Mrs. Weems' version was that she saw the truck coming toward her, took her foot off the accelerator, pulled her car about halfway off the pavement, and then the collision happened. According to her, this was when she was still halfway off the pavement. And as Hart viewed it, the collision happened after Mrs. Weems had whipped her right wheels off and back on the pavement and had headed for the truck, all of which happened quickly.

■ An appraisal of the evidence points up the rapidity of the action just before the wreck. The picture was changing with almost kaleidoscopic speed. Reasonable minds should not differ upon the prosposition that the evidence fails to show that Mrs. Weems had a last clear chance to avoid the disaster and negeligently failed to embrace it. The doctrine of discovered peril or last clear chance means certainty that the last clear chance must be a clear one. Gaudette v. McLaughlin, 88 N. H. 368, 189 Atl. 872. It implies thought, appreciation, mental direction, and lapse of sufficient time to act effectually upon the impulse to save another from injury. Hartley v. Lasater, 96 Wash. 407, 165 Pac. 106; Waller v. Norfolk & W. R. Co., 108 W. Va. 576, 152 S. E. 13; Northern Texas Traction Co. v. Weed, Tex. Com. App., 300 S. W. 41; Terry v. English, 130 Texas 632, 112 S. W. (2d) 446; Parks v. Airline Motor Coaches, 145 Texas 44, 193 S. W. (2d) 967; Surkey v. Smith, Texas Civ. App., 136 S .W. (2d) 893, error refused.

As has been so frequently said, this doctrine is a humanitarian one, and evidence convicting a person of the rather grave fault of neglecting to act to avoid injuring another whom he has discovered in a position of peril must not be imputed or presumed. Parks v. Airline Motor Coaches, supra. If the doctrine were raised where the events were so instantaneous and the actions of the parties so clearly impulsive and instinctive as they were here, it would be present in practically every situ-

ation where motor vehicles collide. Terry v. English, supra. The doctrine must certainly not be allowed to extend that far.

The Court of Civil Appeals opinion quite ably presented the view that the issues of last clear chance were in the case, but for the reasons stated we are unable to agree. It must be held that the trial court correctly declined to submit the issues.

█ In the Court of Civil Appeals, Posey presented assignments that certain of the findings of the jury were contrary to the great weight of the evidence. These were not ruled upon because of that court's view on discovered peril. This court has no jurisdiction of assignments which test the weight of the evidence; these are for the Court of Civil Appeals. Accordingly, the cause will be remanded to that court for consideration of those assignments. Baker v. Baker, 143 Texas 191, 183 S. W. (2d) 724.

Opinion delivered October 1, 1948.

Rehearing overruled January 12, 1949.