## MARTIN v. TEXAS & N. O. R. CO.
### No. 12217.

Court of Civil Appeals of Texas. Galveston.
Feb. 1, 1951.

Rehearing Denied Feb. 22, 1951.

Burns & Grumbles and Harry H. Burns, all of Houston, for appellant.

Baker, Botts, Andrews & Parish, J. Curtiss Brown and Raymond L. McDermott all of Houston, for appellee.

CODY, Justice.

This is a suit by appellant to recover for injuries to his person and to his automobile, resulting when his car and one of appellee's switch engines collided at night at a crossing in Houston. The case was submitted on special issues which, as answered by the jury, convicted appellee of negligence in one respect, while convicting appellant of negligence in eight respects. But the jury also found the issues on discovered peril in appellant's favor, which, if the evidence sustained the answers, of course rendered appellant competent to recover judgment, though convicted of negligence. However, upon appellee's motion to disregard the jury's answers to the special issues on discovered peril, the court found there was insufficient evidence to warrant their submission, and rendered judgment that appellant take nothing by his suit. The sole question raised by appellant here is the correctness of the action of the court in holding that the evidence was insufficient to go to the jury on discovered peril, and rendering judgment for defendant.

The correctness of the court's action in disregarding the jury's findings on the discovered peril issues must be tested by viewing the evidence bearing thereon in the light most favorable to support such jury findings which the court set aside. See Felder v. Houston Transit Co., Tex.Civ.App., 203 S.W.2d 831, Houston Transit Co. v. Felder, 146 Tex. 428, 208 S.W.2d 880. The evidence bearing on such issues will accordingly be so stated. It will be also borne in mind that discovered peril involves three elements: (1) The exposed position of the plaintiff, brought about by his negligence, (2) the actual discovery of defendant's agents of his perilous situation in time to have averted, by the use of all the means at their command, commensurate with their own safety, injury to him, and (3) the failure thereafter to use such means. Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112.

The collision occurred at night at the Hardy Street crossing. The switch engine began the movement west to cross Hardy Street from a position where it had come to a complete stop, which was about 20 feet east of Hardy Street. Hardy Street runs north and south. The head of the

568

switch engine was pointed west. The engine was painted with brilliant orange and black stripes. Its headlights were shining at both ends. It started up with a loud whining noise. Its bell was kept ringing and its whistle blowing. The street lights were lit, and the crossing watchman was out in the street waving a red light and blowing a police whistle.

The switch engine fireman was seated on the left side of the engine, and it was his duty to keep a lookout for traffic on his side coming north on Hardy Street,—traffic not in the engineer's view. The fireman first saw appellant's automobile coming north on Hardy Street, with its headlights on, when it was a hundred or a hundred and twenty five feet away. He kept his eyes on it from that time until the accident occurred, and during that time the automobile never slackened its speed.

The fireman testified that the engine was ten feet back from the edge of the pavement when he saw that the car was not going to stop. As soon as he realized this he yelled to the engineer to make an emergency stop, using the accepted expression "Big hole it!" The engineer acted immediately to make an emergency stop.

The speed of the switch engine at the time was estimated by the fireman to be from 3 to 5 miles per hour. The speed of 3 miles per hour is 4.4 feet per second. The fireman testified that the brakes became applied just as the engine started on to the paved portion of the street, and that at the rate it was moving the brakes would stop the engine in from 5 to 6 feet.—It is upon the fireman's testimony that appellant contends the issues on discovered peril were raised.

There is no competent evidence in the record to fix the exact spot on Hardy Street where the collision occurred. But the evidence shows that the paved portion of Hardy Street is 35 feet in width, where it is crossed by the track in question. It shows that appellant was driving his automobile in the middle of the east traffic lane; and that the automobile was struck on its right side, just behind its center; and that the engine pushed the automobile a distance of 2 or 3 feet.

The evidence shows that, from the time the fireman realized that appellant would not extricate himself from danger, the engine traveled but ten feet until the brakes became applied. Going at the rate of 4.4 feet per second, it is apparent from the moment of realization, until the brakes became applied, two and a fraction seconds elapsed.

An interval of time had to elapse after realization until the fireman could give the signal. A greater interval of time had to elapse to enable the engineer to understand the signal, respond, and apply the brakes. We agree with the trial court that the issue of discovered peril was not raised.

Our original opinion reversing and rendering the trial court's judgment was based on a confusion of facts. Appellee's motion for rehearing is granted, our former judgment set aside and opinion withdrawn, and the judgment of the trial court is now affirmed.