P. L. WALDECK et ux., Appellants,

v.

Hollis WATTS, d/b/a Hollis Watts Company, Appellee.

No. 13483.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 12, 1959.

Rehearing Denied Sept. 9, 1959.

Charles J. Lieck, Sr., San Antonio, for appellants.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

POPE, Justice.

The failure of the trial court to submit plaintiffs' requested issues on the last clear chance is assigned as error. The jury found that the defendant's employee was negligent but that the plaintiff was con-

tributorily negligent in an intersection collision. Judgment was for the defendant.

Mrs. Thelma L. Waldeck, plaintiff, was proceeding east along Seeling Boulevard in San Antonio at ten o'clock in the morning on a clear day. D. U. Stroud, an employee of defendant, Hollis Watts, d/b/a Hollis Watts Company, was proceeding south along St. Cloud Road. Mrs. Waldeck was on his right as he approached the intersection. Both streets are paved. There were no traffic signs or controls at the intersection. As Mrs. Waldeck approached the intersection she was traveling at about twenty miles per hour. When she was from six to nine feet from St. Cloud Road she slowed down to a speed of five or six miles per hour, and then proceeded at that rate across St. Cloud. This was her testimony and the theory of her case. Stroud hit Mrs. Waldeck's vehicle in the intersection at a point about forty-four feet from the point where she testified and her charts demonstrated, that she first slowed down from twenty miles to five or six miles an hour.

On approaching the intersection, Stroud could and did see Mrs. Waldeck. The evidence is that Stroud saw her but that she was looking straight ahead. At the time of the impact Stroud's vehicle had veered to the left of the center of St. Cloud and had laid down forty-five feet of skid marks. He was traveling thirty miles an hour, up to the time he put on his brakes and commenced to skid.

In our statement of the facts we have endeavored to give the evidence and the position argued by plaintiffs the most favorable inferences toward plaintiffs. In our opinion, the trial court properly rejected the issues. We reach this conclusion because the time after Stroud's discovery of the peril was too short to afford the necessary clear chance.

What did Stroud discover as he saw Mrs. Waldeck approach the intersection? He discovered a vehicle which was first moving at a rate of twenty miles an hour, but then slowed down to a speed of about five miles an hour as it came within nine feet of the intersection. He discovered that the driver was apparently avoiding perils by the outward manifestation of stopping at the intersection. That conclusion is as probable as the opposite one, that she would give the appearance of stopping and then proceed into the intersection. Hence, not until she moved out into St. Cloud did Stroud discover that, instead of stopping as indicated, she was going to move slowly, at the same speed, into the line of traffic. It was at that time that he discovered the peril. From the time of the discovery to the time of the impact, Mrs. Waldeck moved thirty feet. At five miles an hour she was moving 7.2 feet per second. From discovery to impact, only 4.2 seconds elapsed.

What was Stroud doing during this interval? The skid marks show that he was laying down forty-five feet of skid marks which accounted for two seconds. Before he did that he reacted, which normally would account for three-quarters of another second. Consequently, after Stroud made the discovery, he had 1.4 second to make up his mind what Mrs. Waldeck was going to do and what he was going to do and to start doing it. He put on his brakes, pulled to the left and drove with both hands.

■ The violation of a last clear chance, while not the same, "is very nearly the equivalent of deliberate and intentional misconduct." Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364, 366; Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W.2d 931. Under the doctrine, the defendant must discover the danger in sufficient time to avoid it by the use of all the means at his command with due regard to his own safety. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, applied the doctrine in a case when discovery of the danger was made 100 feet before the train ran into plaintiff's vehicle, and under strong circumstances and evidence which would permit a finding that the

train had not applied its brakes at all. The court clarified the law by announcing that the danger need not be a certain injury, but declared that it must be at least a probable one. In so holding, the court overruled the "language" of several earlier cases, including some used in Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W. 2d 967, 969. The language disapproved in the Parks case is not left to conjecture, for the disapproved portion is quoted. It is that sentence which states that the defendant bus driver owed no duty "unless he knew" that the plaintiff was going to cross in the path of the bus. The law, therefore, is that a plaintiff, to raise the issues of last clear chance, need not prove that the defendant "knew" there would be an injury, or that the injury was certain to occur, but to discharge his burden, he must prove that the defendant has reason to believe that injury probably will occur. Ford v. Panhandle & Santa Fe Ry. Co., supra.

█ Plaintiff did not discharge her burden of proof. She proved that she slowed down and gave the outward manifestation of stopping to await oncoming traffic. She gave the appearance that she not only could, but was in fact stopping or slowing down so traffic could pass and was avoiding any danger herself. In the Parks case the injured plaintiff stopped three feet beside the highway, but at the last instant stepped in front of a bus. The Court held that "such action was in harmony with the presumption that he would not do the negligent act of placing himself upon the highway in the path of the bus." Therefore, the discovery of the peril did not occur until the injured person stepped into the path of the bus. In Arnold v. Busby, Tex. Civ.App., 298 S.W.2d 627, the injured person first stopped or slowed down and then made a U-turn. The Court held that there was no discovery of the danger until the U-turn commenced. Accord, Texas & Pac. R. Co. v. Brown, 142 Tex. 385, 181 S.W.2d 68; Texas & N. O. R. Co. v. Wagner, Tex. Civ.App., 262 S.W. 902, 906.

After defendant discovered the danger, the brief time interval of slightly more than one second is too short to afford defendant that opportunity embraced in a last chance, which must be a clear one. Morreale v. Cohen, Tex., 310 S.W.2d 737; Schuhmacher Co. v. Posey, 147 Tex. 392, 215 S. W.2d 880. He was entitled to enough time to think, appreciate, decide and act, and defendant did not have that time in this case. Schuhmacher Co. v. Posey, supra; Welch v. Ada Oil Company, Tex.Civ.App., 302 S.W.2d 175; Dupree v. Burlington-Rock Island R. Co., Tex.Civ.App., 251 S. W.2d 559; Martin v. Texas & N. O. R. Co., Tex.Civ.App., 236 S.W.2d 567; Surkey v. Smith, Tex.Civ.App., 136 S.W.2d 893.

The judgment is affirmed.