Earl COZBY et al., Appellants,

v.

David CAMPBELL et al., Appellees.

No. 14934.

Court of Civil Appeals of Texas.

Dallas.

May 27, 1955.

Rehearing Denied July 8, 1955.

Ernest Foree, Hassell & Hassell, and W. D. Riley, Jr., Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellees.

CRAMER, Justice.

This suit was filed by Charla Ruth Cozby, a minor 11½ years of age, by her next friend and father Earl Cozby, and by her father individually for damages growing out of a collision between Charla Ruth, while riding her bicycle tandem with another girl, and defendant's truck, wherein Charla Ruth sustained severe personal injuries.

The jury in answer to special issues found that: (1) Campbell, driver of defendant's truck, did not fail to keep a proper lookout for Charla Ruth Cozby; (3) Campbell did not fail to make that application of his brakes which an ordinarily prudent person would have made in the exercise of ordinary care; (5) Campbell's failure to sound his horn was not negligence; (7) Campbell was not operating his truck at a speed in excess of that at which an ordinarily prudent person would have operated such truck under the same or similar circumstances; (9) Campbell failed to have his truck in that condition for its operation which an ordinarily prudent person in the exercise of ordinary care would have maintained it under same or similar circumstances; but (10) such failure was not a proximate cause of the collision in question; (11) at the time just prior to the collision Charla Ruth was in a position of peril; (12) which Campbell discovered and realized before the collision; (13) but such discovery and realization on the part of Campbell was not "in such time that by the use of ordinary care in the use of all means at hand Campbell could have avoided the collision with safety to himself and to his vehicle"; and (16) Campbell on the occasion in question was on a mission for his employers, Ladenberger and Hawkins, and acting under their orders and instructions. The jury also found (17) that Charla Ruth failed to exercise that degree of care that an ordinarily prudent child of her background, age, intellect, and education would have exercised under the same or similar circumstances; (18) which was a proximate cause of the collision in question; (19) that at the time Charla Ruth was steering or propelling the bicycle in question; (20) that the manner in which Charla Ruth steered or propelled her bicycle was not the sole cause of the collision; (21) that the collision was not an unavoidable accident; (22) found $7,000 to be a sum which will reasonably compensate Earl Cozby for Charla Ruth's reasonable and necessary hospital, nurses, medicine, ambulance, and special training expenses in the past and in the future up to the time she becomes 21 years of age.

On this verdict the trial court rendered judgment that appellants take nothing, and from such judgment appellants have duly perfected this appeal, here briefing five points of error, answered by five counterpoints.

Points 1 and 2 are briefed together and in substance assert error in submitting issues on discovered peril and in inquiring whether or not Campbell could have avoided the collision with safety to himself and his vehicle, (1) because such submission "imposed on the minor plaintiff an undue and unreasonable burden and because the safety or preservation of defendant's vehicle was not and should not be the standard by which his conduct should have been judged"; and (2) because there was no evidence that to reduce the speed of said truck sufficiently to avoid striking said minor would or could involve any danger to the said David Campbell or the truck, and said instruction was on the weight of the evidence and contrary to the evidence. These points are countered in three counterpoints in substance that the discovered peril issues (1) were submitted in correct and proper form; (2) the matter

raised in point 2 was not raised by proper objection or otherwise, and in any case point 2 is not well taken; and (3) if there is error in form, such error is immaterial and harmless since the record would not sufficiently support findings thereon against defendants.

It will be seen from the jury's answers that appellee Campbell was not found guilty of any act of negligence which proximately caused the accident. Under such state of the record the doctrine of last clear chance or discovered peril would not entitle appellants to recovery.

■ As stated by Justice Hale of our Waco Court of Civil Appeals in Texas Pacific Coal & Oil Co. v. Wells, 151 S.W.2d 927, at page 932 [12, 13]: "We do not think the doctrine of discovered peril has any proper application to the facts in this case. Ordinarily the purpose and effect of a finding on discovered peril is not to impose legal liability on a tort feasor, but is rather to prevent such wrongdoer from escaping liability for the consequences of his primary negligence, even though the injured party be guilty of contributory negligence. As said by the Commission of Appeals in the case of Terry v. English, 130 Tex. 632, 112 S.W.2d 446, 449: 'To permit this judgment to stand upon the theory of discovered peril would in effect be to hold that in most all negligence cases it is unnecessary to submit specific acts of negligence, but only to submit the general issue of discovered peril. That doctrine cannot be made to serve so broad a purpose.'" The Court of Civil Appeals judgment was affirmed by the Commission of Appeals, 140 Tex. 2, 164 S.W.2d 660.

Under the record the only judgment which could be rendered on the verdict of the jury is the one here under review, and it therefore follows that any error in the submission of discovered peril issues was harmless and does not present reversible error. Points 1 and 2 are overruled.

Points 3, 4 and 5 briefed together, assert error in substance, (3) in permitting defendant's attorney over timely objection to inquire of plaintiff's mother as to whether she had given the minor permission to ride her bicycle tandem in the street, since said inquiry was prejudicial to plaintiff and not based upon any pleading on which to support such defense; (4) in permitting defendants' attorney over plaintiffs' objection timely interposed to argue in effect that the minor plaintiff's mother was guilty of negligence in allowing the plaintiff to ride her bicycle double in the street because based on inadmissible evidence and highly prejudicial in character; and (5) in permitting argument over plaintiff's objection in effect that plaintiff's mother was guilty of negligence in allowing the minor plaintiff to ride her bicycle in the street, there being neither pleading nor proof to support such highly prejudicial argument. These points are countered that (4) the trial court properly allowed defendants' attorney to inquire as to whether plaintiff's mother had given her permission to ride her bicycle tandem in the street since relevant under the pleadings and not improperly prejudicial to plaintiffs.

■ In appellants' pleading here the father not only sued as next friend to the minor on the minor's cause of action, but also in his individual capacity for himself for the benefit of the community estate for damages for loss of services, etc. The father's recovery, if any, would be for and would inure to the community estate of himself and wife. Therefore the wife was a party to the suit by representation.

■■ The record also shows that at the time the evidence complained of here was offered, there was under the pleadings before the court for disposition a claimed recovery for the community estate of the father and mother of the child, and of course under that claim the mother was a party by representation and the equitable owner of one-half of the recovery. Such evidence at the time it was admitted was not error. Absent a motion to strike the evidence and instruct the jury not to consider such evidence after it became apparent that no issue was to be submitted to the jury thereon, no reversible error is shown by its admission. However the objection to

the argument after the charge was read to the jury and it was apparent therefrom that there was no issue submitted to the jury thereon, which made the argument immaterial, the court should have sustained the objection to such argument. But even the prejudicial effect of the argument, no motion having been made to exclude, and the evidence of such argument being before the jury properly admitted at the time such evidence was given, made such argument but cumulative of such evidence before the jury and therefore harmless and not reversible here. Rule 434 Texas Rules of Civil Procedure. Point 3, 4 and 5 are overruled.

Finding no reversible error in the trial court's judgment it is

Affirmed.