ROY G. TERRY V. JEFF T. ENGLISH ET AL.

No. 7007.   Decided January 26, 1938.
(112 S. W., 2d Series, 446.)

*Caldwell, Gillen, Francis & Gallagher,* of Dallas, for plaintiff in error.

Where a new agency concurs with continuing and co-operating original negligence in working plaintiff's injury, such original negligence remains the proximate cause of the injuries, though a new concurring cause may not have been foreseen. Gulf, C. & S. F. Ry. Co. v. Ballew, 66 S. W. (2d) 659; Texas Public Service Co. v. Armstrong, 37 S. W. (2d) 294; 22 R. C. L. 128.

*Touchstone, Wight, Gormley & Price,* of Dallas, for defendant in error.

There can be no proximate cause where there is a new and independent cause. Phoenix Refining Co. v. Tipps, 125 Texas 69, 81 S. W. (2d) 60; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S. W. 162; Southern Union Gas Co. v. Madeley, 55 S. W. (2d) 599.

MR. JUDGE HICKMAN delivered the opinion for the Commission of Appeals, Section A.

In the trial court plaintiff in error Roy G. Terry was awarded damages against defendants in error Jeff T. English and R. H. Crim for personal injuries to himself and his wife and for injuries to his automobile resulting from a collision between the automobile in which he and his wife were riding and a motor truck with trailer owned by defendants in error and being operated at the time of the collision by their employee. The Court of Civil Appeals held that answers of the jury to certain material issues were in such irreconcilable conflict as to be mutually destructive, leaving no verdict to support the judgment. Accordingly the judgment of the trial court was reversed and the cause remanded thereto. 85 S. W. (2d) 1063.

The facts and circumstances surrounding the collision are thus briefly stated in the opinion of the Court of Civil Appeals:

"The undisputed evidence shows that about 8 o'clock on a foggy morning in the month of February, the accident in question occurred on the east west paved highway between Forney and Terrell, about three miles east of Forney. Plaintiff, his wife

and child were in a Ford car going east. There was a gasoline truck behind him, going the same way. The defendants' truck, with a large trailer, was going west. Just about the time the gasoline truck behind plaintiff's car pulled to the left, on the north side of the road to pass the plaintiff, the defendants' truck at the time on the north side of the highway suddenly swerved to its left and turned back to the east, leaving the trailer standing almost directly across the south part of the highway, and extending something like two feet over the middle line to the north, the pavement being 18 feet wide. Plaintiffs car was, by the impact of the collision, jammed under the trailer. Plaintiff, his wife and his car received injuries not necessary further to decide."

Various acts and omissions of defendants in error were found by the jury to constitute negligence and each of these acts was found to be a proximate cause of the collision. Among these acts and omissions we note the following: Excessive speed at which the defendants' truck was being driven; inadequate brakes; failure to keep a proper lookout, and operating the truck on the left-hand side of the highway. The charge defined proximate cause as follows:

"By the term 'proximate cause' as used in this charge is meant that cause, which in its natural and continuous sequence, unbroken by any new and independent cause, produces a result that would not have occurred but for such cause, and which said result, or some like result, could reasonably have been foreseen or anticipated in the light of the attending circumstances."

It defined the term "new and independent cause," as used in the definition of proximate cause, as follows:

"By the term 'new and independent cause' as used in this charge, is meant a cause over which the parties (that is, a party whose negligence, if any, you are in any particular issue about to say was, or was not a proximate cause) had no control, and (a) which acts alone to bring about the result complained of; or (b) which concurs in such alleged negligence, if any, and which so aids in bringing about such result, that without such aid, the result would not have been produced; but in this latter event such concurring cause, if any, so aiding, in order to be a new and independent cause must be such that a person of ordinary prudence would not have reasonably foreseen the same in the light of the attending circumstances."

The defendants in error specially pleaded a new and independent cause breaking the sequence between their negligence

and the collision. This defense was submitted to the jury by the following special issues, answered as indicated.

"SPECIAL ISSUE No. 30. Do you find from a preponderance of the evidence that just prior to the collision a gasoline truck attempted to go around the car in which plaintiff was riding, and blocked the north side of the highway? Answer Yes or No.
"ANSWER: YES.

"SPECIAL ISSUE No. 30-A. Do you find from a preponderance of the evidence that such action, if any, of the gasoline truck driver in blocking the north side of the highway, if you have found that he did, was a new and independent cause of plaintiff's injuries, if any? Answer Yes or No.
"ANSWER: YES."

Keeping in mind the definitions of proximate cause and new and independent cause, above set out, neither of which is challenged here as to its accuracy, the conclusion is inescapable that the findings are in conflict. By its answers to the several issues submitting proximate cause in connection with the primary negligence of the defendants in error, the jury determined that each such act of negligence unbroken by any new and independent cause produced the results complained of. It then found the existence of a new and independent cause. In so finding it found that the act of a third party over which neither party had any control either alone brought about the result complained of, or aided in bringing it about, and that, if such new and independent cause merely aided in bringing about the result, it was such a concurring cause as a person of ordinary prudence would not have reasonably foreseen. The Court of Civil Appeals correctly held that these findings of proximate cause and of the intervention of a new and independent cause can not be reconciled. This must be true, for the jury fond that a new and independent cause was both absent and present.

The application for writ of error was granted on an assignment which presented the question that the judgment of the trial court should be affirmed on certain findings of the jury on the ground of discovered peril. The contention is made that the findings on that ground are not in conflict with the finding of the existence of a new and independent cause, but that they supersede that finding and afford within themselves a sufficient basis for the judgment. The special issues on the theory of discovered peril, together with the answers of the jury thereto, read as follows:

"SPECIAL ISSUE No. 8. Do you find from a preponderance of the evidence that immediately before said collision plaintiff Terry and his wife and daughter occupying said automobile were in a position of peril? Answer Yes or No.

"ANSWER: Yes.

"SPECIAL ISSUE No. 8-A. Do you find from a preponderance of the evidence that defendants' driver saw plaintiffs Roy G. Terry and his wife and daughter, and realized that they were then in a position of peril in time so that by the exercise of ordinary care in the use of all the means at hand consistent with safety to himself he could have avoided colliding with plaintiffs' automobile? Answer Yes or No.

"ANSWER: Yes.

"SPECIAL ISSUE No. 8-B. Do you find from a preponderance of the evidence that defendants' driver after he saw and realized that plaintiffs were in a position of peril, if you have found that he did, failed to exercise ordinary care to use all the means at hand consistent with his own safety to avoid colliding with plaintiffs' automobile? Answer Yes or No.

"ANSWER: Yes.

"SPECIAL ISSUE No. 8-C. Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the collision in question? Answer Yes or No.

"ANSWER: Yes."

A more careful consideration of the record after submission than the Court was able to give it in passing on the application for writ of error, has led us to the conclusion that the judgment of the trial court can not be sustained upon this theory.

The Court of Civil Appeals held that there was no evidence raising the issue of discovered peril independent of the grounds of negligence relied upon. We agree with that holding. It is claimed that plaintiff in error was placed in a position of peril at the time defendants in error, through their truck driver, discovered the situation produced by the attempt of the driver of the gasoline truck to pass the automobile. The situation thus brought about called for immediate action on the part of the truck driver; he faced an emergency. According to his testimony he applied his brakes which locked his wheels and caused his truck to slide in front of plaintiff in error's automobile. The jury evidently believed this testimony, for it found that the act of the driver in operating the truck with inadequate brakes was a proximate cause of the collision. The effect of that finding is that, had the truck been equipped with adequate brakes, the

collision would have been averted. There is no evidence of the failure of the truck driver to do anything after his truck had skidded which would have averted the collision. The effect of the finding of the jury that he could have avoided the collision by the exercise of ordinary care in the use of all of the means at hand consistent with his own safety, is that he was guilty of negligence in failing to do some unnamed act instead of applying his brakes. In other words, it is a finding of ordinary negligence. The natural thing to do was to apply the brakes, and the cause of the collision was not the failure to use the means at hand, but the inadequacy of the means furnished by the employers. This is a negligence case and not a case of discovered peril. Independent of the negligent acts and omissions complained of, plaintiff in error was not in a position of peril, and would not have been in such position had the brakes not been applied. To permit this judgment to stand upon the theory of discovered peril would in effect be to hold that in most all negligence cases it is unnecessary to submit specific acts of negligence, but only to submit the general issue of discovered peril. That doctrine can not be made to serve so broad a purpose.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 26, 1938.