**H. B. KEITH, Appellant,**

v.

**Leon LEDBETTER, Appellee.**

No. 7769.

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1968.

Rehearing Denied July 1, 1968.

**434**

Miller, Sanders, Baker & Miller, W. A. Baker, Amarillo, of counsel, for appellant.

Simpson, Adkins, Fullingim & Hankins, Michael C. Musick, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is an action for damages growing out of a collision between a truck owned by appellee, Leon Ledbetter and driven by Clarance Adams, and an automobile driven by appellant, H. B. Keith. The jury found appellee's driver negligent in several re-

spects and convicted appellant of contributory negligence. The trial court entered judgment against the appellant, the plaintiff below, and he appeals.

Prior to the collision, Keith was travelling south on the Canyon Expressway between Amarillo and Canyon. Adams was proceeding in the same direction along the service road that parallels the expressway. Keith pulled ahead of the truck and drove off the exit ramp onto the service road approximately ½–¾ miles ahead of Adams. Both vehicles were travelling in the right-hand lane of the service road. When Keith approached the intersection of the service road and an overpass over the expressway, he stopped prior to turning left. He testified he was not sure he could clear a combine proceeding over the overpass from the east. There were no traffic control signs or lights at this intersection. As Adams approached from Keith's rear, he honked his horn and then moved to the left lane in an attempt to pass Keith's stopped station wagon. Keith then turned into the left lane and was struck by the truck.

The appellant first complains of the trial court's refusing to submit his requested issues on discovered peril. The two drivers were the only eyewitnesses who testified at the trial. It is undisputed that Keith, after pulling ahead of the truck onto the service road, stopped at the road's intersection with the overpass road. His brake lights were on and they were observed by Adams as he approached the Keith car in the right lane. Both agree that Adams blew his horn just prior to the collision. Keith's outside rear view mirror was not properly adjusted and he admitted he did not see the truck until just prior to the collision. Adams testified he was some 150 feet behind Keith's stopped car and he "wasn't showing no effort to turn". He then honked his horn and there "still wasn't any movement, just sitting there". Adams then pulled over into the left lane to pass Keith. The driver then testified "He (Keith) pulled over to the left-hand lane to make a left-hand turn. He pulled over in front of me, I locked my brakes as tight as I could lock them and slid into him." Adams estimated he was from 50 to 100 feet behind Keith when the latter started pulling into the left lane. Keith placed the truck approximately 250–260 feet behind him when he heard the horn and that the truck "appeared to be in the left-hand lane" at that time. At that point Keith turned into the left lane. Keith testified he moved to the left lane because "I thought I was farther over in the road than what I actually was". By that he explained he thought at the time he was across the yellow stripe to his left, but in fact he was not. Adams estimated he was travelling approximately 40 m. p. h. as he moved from the right lane to the left lane and Keith did not challenge this estimated speed.

In a discovered peril case, it is necessary for the plaintiff to prove that the defendant actually discovered and realized his perilous position in time to have avoided the collision by the exercise of ordinary care in the use of all the means in his command. Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901; Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967. It is not enough that the defendant should have discovered or realized the perilous position of the plaintiff. Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162. There must have been a last clear chance to avoid the collision. Herrin Petroleum Transport Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422.

The quantum of proof required to entitle a plaintiff to have the issue of discovered peril submitted to a jury is proof of such facts and circumstances as, taken together with all reasonable inferences therefrom, constitute some evidence of probative force of their existence. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561; Texas & New Orleans Ry. Co. v. Hart, supra.

After reviewing the evidence in the light of these principles, it is our opin-

ion that the issue of discovered peril was not raised. Under this record, Keith was not in a position of peril while he remained in a stopped position in the right lane. Neither was he in a position of peril when Adams blew his horn and began moving into the left lane. Keith's position became perilous when he accelerated his speed and moved from the right lane to the left lane with Adams proceeding in the left lane, some 50–100 feet behind him. Keith knew the truck was to the rear, but did not know its exact position. The rapidity in which the collision took place after the two vehicles changed their relative positions is evident. It seems clear the action of both drivers was impulsive and instinctive. When this circumstance is viewed with respect to the instant timing and short distances involved, we cannot say Adams discovered the danger in time to avoid the accident by using all the means at his command.

Appellant next urges there is no evidence and insufficient evidence to support the jury finding as to the contributory negligence issues of Keith's failure to keep a proper lookout; his failure to signal his intentions to turn left; and in turning his automobile to the left without first determining whether such turn could be safely completed. The points of error are duplicitous in that they are phrased so as to present both "no evidence" points and "insufficient evidence" points in one point. Be that as it may, the controlling consideration must be based on the procedural steps in the trial. All of appellant's points of error are directed to the trial court's failure to grant the motion for a new trial which is after the entry of the judgment. Therefore, regardless of the language used, all of the points present fact questions and will be considered as "insufficient evidence" points. See Robert W. Calvert, "No Evidence and Insufficient Evidence Points of Error", 38 Texas Law Review 361 (1960). We must therefore consider and weigh all of the evidence, including that which supports the verdict and that which is contrary to it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The evidence has been set out at some length and need not be repeated. As indicated, appellant and appellee's truck driver were the only two witnesses to the conditions surrounding the collision. In many instances, their testimony was conflicting. The estimated distances and intervals of time, etc., testified to by these two witnesses differed in several respects. It is within the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony. Joe D. Hughes, Inc. v. Moran, 325 S.W.2d 829 (Tex.Civ.App., Ref.N.R.E.), Austin Fire Insurance Co. v. Adams-Childers Co. (Tex.Com.App.), 246 S.W. 365. After considering all of the evidence, it is our opinion that the jury findings to the effect appellant was guilty of contributory negligence in the particulars set out above are not so contrary to the great and overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

The judgment of the trial court is accordingly affirmed.