Trina DRAKE, Appellant,

v.

Barbara HOLSTEAD, Appellee.

No. 09–88–091 CV.

Court of Appeals of Texas,
Beaumont.

Sept. 15, 1988.
Rehearing Denied Oct. 5, 1988.

Dale K. Hanks, Townsley, Bush, Lewis & Ramsey, Beaumont, for appellant.

Richard N. Evans, II, Evans, Moses & Barkley, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a judgment in favor of the defendant in a personal injury suit. Plaintiff and defendant were travelling toward each other when the defendant turned left in front of plaintiff. Their cars collided. Plaintiff sued the defendant for personal injuries arising from the accident.

At trial, plaintiff testified she crossed the intersection on a green light. Defendant testified that her left-turn light was green. There was nothing to indicate the traffic lights might have malfunctioned, and each party introduced evidence to support her testimony that she had the green light. Plaintiff's witness to the accident testified defendant's light was red when defendant turned left in front of the plaintiff.

■ Defense witness Robert Mills testified that when plaintiff was 40 to 50 yards from the intersection, plaintiff's light turned yellow. He did not notice the color of the traffic light after that, however, so he could not testify to the color of the light when plaintiff's car entered the intersection. From Mills' testimony that plaintiff's light turned yellow 40 to 50 yards before she entered the intersection, the jury could infer the light turned red before she entered the intersection. Mills testified plaintiff was driving at around 40 to 45 miles

per hour when her light turned yellow. Plaintiff contends that with the aid of judicial notice of certain facts, she planned to turn Mills' testimony to her advantage by showing that, given previously submitted evidence of the timed sequence of the traffic light and Mills' account of plaintiff's rate of speed and her distance from the intersection when the light turned yellow, she would have crossed the intersection with time to spare before her light turned red.

During plaintiff's cross-examination of Mills, the following transpired:

[Plaintiff's Counsel]: If, as you testified, if Trina Drake, was going forty miles a [sic] hour at the time she passed you, do you know how far she would travel in 3.6 seconds when the light was yelow [sic]?
[Witness]: No.
[Plaintiff's Counsel]: Would it surprise you to learn that in 3.6 seconds—
[Defense Counsel]: I would object—
THE COURT: Objection sustained. That is an improper question, counsel.
[Plaintiff's Counsel]: Your Honor, at this time, I would ask the court to take judicial notice—
THE COURT: (interrupting) No, sir, counsel. If you are getting ready to tell me to take judicial notice of measurements of time periods in order for a car to travel—is that your? [sic]
[Plaintiff's Counsel]: Yes, sir.
THE COURT: No, sir. The answer is no. I will not take judicial notice. That takes testimony, counsel.
[Plaintiff's Counsel]: All right, your Honor.

On appeal, plaintiff/appellant contends the taking of judicial notice was mandatory in this case and that the trial court's refusal to take judicial notice was harmful error. Evidently, the trial judge believed calculations of rates of speed are not susceptible to judicial notice; he indicated testimony was required to prove the facts asserted. It is true that the usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consist-

ing of the testimony of witnesses. However, when particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. FED.R.EVID. 201(a)[1] advisory committee's note.

Rule 201 of the Texas Rules of Civil Evidence provides:

(a) **Scope of rule.** This rule governs only judicial notice of adjudicative facts.

(b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) **When discretionary.** A court may take judicial notice, whether requested or not.

(d) **When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) **Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

. . . .

The doctrine of judicial notice is applied to scientific facts and principles that are generally recognized and ought to be known by men of ordinary understanding and intelligence. *Alexander v. Firemen's Ins. Co.*, 317 S.W.2d 752, 755 (Tex.Civ.App.—Waco 1958, no writ). Texas courts take judicial notice of natural forces as well as the primary laws of physics, mechanics, and mathematics. *Searcy v. Sellers*, 470 S.W.2d 103, 110 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). A fact is generally known even though it has to be processed with commonly possessed mental skills. 21 C. Wright & K. Graham, *Federal Practice and Procedure* sec. 5105, at 232 (1987 Supp.).

1. The Texas Rule 201 is virtually identical to the federal rule.

Plaintiff sought judicial notice of the indisputable results of a simple mathematical computation. The matter was well within the range of matters courts traditionally accept into evidence by judicial notice. A Texas court of civil appeals took judicial notice of just such a matter in *Searcy*, 470 S.W.2d at 110, where it found that a car traveling 50 miles per hour travels 100 feet in 1.36 seconds.

The fact that a matter is susceptible to judicial notice does not require the court to take such notice, however. A party seeking mandatory judicial notice must supply the court with the "necessary information." *TEX.R. CIV.EVID. 201(d)*.

In her bill of exceptions, plaintiff supplied the court with a sheet of typewritten computations which arrived at the figures she wished the court to judicially notice:

$$\underline{50 \text{ MPH} = 73.33 \text{ FT/SEC}}$$
60 MPH $\div$ 60 (minutes per hr) $= 1$ MPH [2]
1 MPH [2] $\times$ 5280 (ft per mile) $= 5280$ Ft/min
5280 Ft/min $\div$ 60 (seconds per min) $= 88$ Ft/sec
60 MPH $= 88$ Ft/sec
$\frac{5}{6} \times 60$ MPH $= \frac{5}{6} \times 88$ Ft/sec
\* 50 MPH $= 73.33$ Ft/sec
$= 24.44$ Yd/sec

$$\underline{40 \text{ MPH} = 58.66 \text{ FT/SEC}}$$
$\frac{4}{6} \times 60$ MPH $= \frac{4}{6} \times 88$ Ft/sec
\* 40 MPH $= 58.66$ Ft/sec
$= 19.55$ Yd/sec

Plaintiff did not supply the court with verification that there are, in fact, 5280 feet in a mile. However, rule 201(b) contemplates that a court may judicially notice facts generally known within the territorial jurisdiction without specific confirmation of those facts. At any rate, the number of feet per mile is easily accessible: we find the figure under the definition of "mile" in a standard desk-side dictionary. *See The American Heritage Dictionary of the English Language* (1975). Once the number of minutes in an hour, seconds in a minute, and feet in a mile are ascertained, it is a matter of simple mathematical computation to arrive at the number of feet traveled in a second by an object traveling at a given rate per mile. The trial court erred in refusing to take judicial notice of the matters requested by the plaintiff.

■ Plaintiff has not, however, shown reversible error. The charge to the jury was presented generally: the jury was asked, "Did the negligence, if any, of the persons named below proximately cause the occurrence in question?" The jury answered "no" as to the defendant and "yes" as to the plaintiff. Since no special issues were presented inquiring into the potential statutory negligence of the parties, this court has no means to ascertain what particular act or acts by the plaintiff the jury found to be negligent. And because the jury would have had to find both that defendant was negligent and that defendant's negligence was a proximate cause of the occurrence in order to answer the charge "yes" as to the defendant, we do not know that the jury did not, in fact, believe that defendant ran a red light. To be reversible, the error complained of must amount to "such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case." *TEX.R. APP.P. 81(b)(1)*. We cannot say this is so under these facts. Appellant's first point of error is overruled.

■ Appellant also alleges the trial court erred in failing to grant a new trial because (1) the jury's failure to find liability on defendant's part was against the great weight and preponderance of the evidence and (2) there was insufficient evidence to support the jury's finding that the plaintiff's negligence was a proximate cause of the occurrence in question. In reviewing factual insufficiency points, this court considers and weighs all the evidence in the case to determine whether the verdict is supported by insufficient evidence or is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *see also P.T. & E.*

2. We note plaintiff's calculations erroneously conclude that 60 miles per hour divided by 60 minutes per hour is equal to one mile per hour, instead of one mile per minute. Opposing counsel and the trial judge are free to object to the computations offered by their proponent and to offer calculations of their own. *TEX.R. CIV.EVID. 201(e)*. No such objection was made in this case, however, and the error did not affect the ultimate figures sought to be noticed.

*Co. v. Beasley,* 698 S.W.2d 190, 193 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.).

It is true that testimony was introduced indicating defendant's light was red when she turned left at the intersection. However, conflicting evidence of probative force was introduced tending to prove the existence of negligence and causation on plaintiff's part and tending to disprove negligence and causation on defendant's part. In particular, testimony was introduced to indicate plaintiff crossed the intersection while her traffic light was red.

It is the jury's function to decide credibility issues. *Shwiff v. Priest,* 650 S.W.2d 894, 900 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The court of appeals will uphold the jury's finding where it would not be clearly wrong and manifestly unjust to do so. In the case at bar, the evidence was sufficient to uphold the jury's verdict. Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.