**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000334
25-JUN-2020
07:52 AM**

NO. CAAP-19-0000334

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MAGGIE KWONG, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-17-02539)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Maggie Kwong (**Kwong**) appeals from

the Notice of Entry of Judgment and/or Order and Plea/Judgment

entered on March 14, 2019 (**Judgment**), by the Honolulu Division of

the District Court of the First Circuit (**District Court**).[1]  After

a bench trial, the District Court convicted Kwong of Operating a

Vehicle Under the Influence of an Intoxicant (**OVUII**), in

violation of HRS § 291E-61(a)(1) (2007).[2]

---

[1]    The Honorable William M. Domingo presided over the trial.

[2]    HRS § 291E-61(a)(1) provides:

(continued...)

Kwong raises two points of error on appeal, arguing that the District Court: (1) erred in refusing to take judicial notice of the fact that 30 miles per hour (**mph**) is the equivalent of 44 feet per second; and (2) plainly erred in failing to obtain her personal consent to the parties' stipulation that the arresting officer was qualified to administer standardized field sobriety tests (**SFST**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kwong's points of error as follows:

(1) Kwong argues the District Court erred in refusing to take judicial notice of the fact that 30 mph is the equivalent of 44 feet per second. As an initial matter, it does not appear the District Court ultimately rejected Kwong's judicial notice request. Rather, the record shows that although the District Court initially declined to take judicial notice, the District Court appeared agreeable when defense counsel explained why

---

[2](...continued)
§ **291E-61  Operating a vehicle under the influence of an intoxicant.** (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

judicial notice would be appropriate, saying, "Right, right . . . continue."

Nevertheless, the District Court was not required to take judicial notice of Kwong's proffered fact. To be clear, the fact that 30 mph is the equivalent of 44 feet per second is proper for judicial notice under Hawaiʻi Rules of Evidence (**HRE**) Rule 201(b) (2016),[3] in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and the mathematical computation leading to that result is indisputable. Nonetheless, a court is required to take judicial notice of an adjudicative fact only "if requested by a party and supplied with the necessary information." HRE Rule 201(d). To the extent the conversion of 30 mph to feet per second requires mathematical calculations, Kwong should have supplied the District Court with some means to verify the figures for which she sought judicial notice. See, e.g., Drake v. Holstead, 757 S.W.2d 909, 911 (Tex. App. 1988). As Kwong failed to do so, the District Court was not required to take judicial notice. See HRE Rule 201(d).

Even assuming, *arguendo*, that the District Court erroneously refused to take judicial notice that 30 mph equates

---

[3]      HRE Rule 201(b) provides:

> **(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

to 44 feet per second, such error would be harmless beyond a reasonable doubt. See Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 52(a).[4] Specifically, the District Court did not preclude Kwong from relying on the fact that 30 mph is 44 feet per second. Kwong expressly used that fact in cross-examining the arresting officer, Officer Josh Wong (**Officer Wong**). Kwong also expressly referenced that fact in her motion for judgment of acquittal and relied on that fact in her closing argument.[5]

Moreover, the crux of Kwong's argument on appeal is to question the District Court's credibility determinations. At trial, Officer Wong testified, *inter alia*, that he was traveling about 30 mph on Kapiolani Boulevard and was about 30 feet behind a truck that was turning left onto Isenberg Street, when Kwong's car moved across two lanes and ultimately cut in between him and the truck. Officer Wong testified that he started to slow down when he saw Kwong changing lanes and slammed on his brakes when her car cut in front of him. Kwong contends that the fact that a car going 30 mph travels 44 feet per second renders the foregoing events "impossible," and that, had the District Court judicially noticed that 30 mph is 44 feet per second, "it would have been

---

[4]     HRPP Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

[5]     The District Court allowed Kwong to incorporate her arguments for her motion for judgment of acquittal into her closing argument.

evident to the court that [Officer Wong's] testimony was not credible."[6]

It is "well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" State v. Jenkins, 93 Hawaiʻi 87, 101, 997 P.2d 13, 27 (2000) (citations omitted); State v. Monteil, 134 Hawaiʻi 361, 368, 341 P.3d 567, 574 (2014) ("It is not the role of the appellate court to weigh credibility or resolve conflicting evidence."). Rather, "[i]t is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact[.]" State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citation omitted). It is also established that the trial judge, as fact-finder, "may accept or reject any witness's testimony in whole or in part." Id. (stating it was within the trial court's prerogative to believe witness's prior inconsistent statements and to disbelieve that witness's oral testimony in court); State v. Jhun, 83 Hawaiʻi 472, 483, 927 P.2d 1355, 1366 (1996) ("Witnesses may be

---

[6]     Kwong asks the court to take judicial notice of "this photo map" attached to her opening brief; the map appears to be an aerial shot of the Kapiolani Boulevard/Isenberg Street intersection, with Kwong's notations as to where she, Officer Wong, and the truck were when Kwong changed lanes the night of the incident, as testified to by Officer Wong. Kwong did not supply this court with the "necessary information" to verify the annotated map's accuracy, including the source of the map. See HRE Rule 201(d). We thus decline to take judicial notice of it. Moreover, the photo map was not introduced below and is not part of the record on appeal. Although the appellate courts may take judicial notice of exhibits not made a part of the record on appeal, where the "equity of the situation dictate[s]", there is no grounds offered for doing so in this case and we find none. See, e.g., In re Thomas H. Gentry Revocable Trust, 138 Hawaiʻi 158, 171 n.8, 378 P.3d 874, 887 n.8 (2016).
1.

inaccurate, contradictory, and even untruthful in some portions of their testimony, and yet be entirely credible in other portions of their testimony.").

The District Court clearly found Officer Wong credible at least as to the testimony the court expressly relied upon in its rulings.[7]  On this record, we will not disturb the District Court's implicit finding that Officer Wong was credible.

(2)  The District Court did not err in accepting the stipulation as to Officer Wong's qualifications to administer the SFST.  During its examination of Officer Wong, the prosecution advised the District Court it was offering Kwong's counsel a stipulation regarding the officer's training, experience and qualifications, and Kwong's counsel agreed that he wanted to enter into the stipulation.  The prosecution then placed the stipulation on the record:

> [THE PROSECUTION]: . . . The stipulation would be Officer Wong has been trained and experienced and qualified to administer as well as evaluate the SFST in accordance with the National Highway Traffic Safety Administration standards as well as the internal HPD protocols.  He'll be testifying only as a lay witness as to the walk-and-turn and the one-legged stand portions of the test.  He won't be mentioning any clues or draw any legal conclusions as to whether Defendant passed or failed any portions of the test.
>
> THE COURT:  Okay.  And as far as the [Horizontal Gaze Nystagmus (**HGN**)]?
>
> [THE PROSECUTION]:  No HGN, Your Honor.
>
> THE COURT:  Okay.  Very well.

---

[7]  In summarizing the facts relied upon in its ruling, the District Court did not note how fast Officer Wong was going or how close he was to the truck or intersection.

The District Court did not ask Kwong on the record whether she agreed to or approved the stipulation. Kwong contends that constitutes plain error, relying on State v. Murray, 116 Hawaiʻi 3, 10-13, 169 P.3d 955, 962-65 (2007). In Murray, the supreme court held that "a knowing and voluntary waiver of a defendant's fundamental right must come directly from the defendant, and requires the court to engage in a colloquy with the defendant." Id. at 11, 169 P.3d at 963 (citation omitted). The fundamental right at issue in Murray was the defendant's right to have the State prove every element of an offense to a jury beyond a reasonable doubt.[8] Id. at 10-12, 169 P.3d at 962-64.

In State v. Wilson, 144 Hawaiʻi 454, 445 P.3d 35 (2019), however, the supreme court held that a colloquy was not required where the defendant's attorney stipulated to a police officer's qualifications to conduct SFSTs:

> [T]he stipulation in this case did not establish facts satisfying any elements of the charged offense. To convict Wilson of OVUII, the State was required to prove that she operated a vehicle "while under the influence of alcohol in an amount sufficient to impair [her] normal mental faculties or ability to care for [herself] and guard against casualty." HRS § 291E-61(a)(1). Stipulating that the officer was "qualified and certified to conduct the [SFST] and that he received specialized training in administering

---

[8] Murray was being prosecuted for Abuse of a Family or Household Member in violation of HRS §§ 709-906(1) and (7) (Supp. 2006). Murray, 116 Hawaiʻi at 5, 169 P.3d at 957. In order to establish a class C felony, the State was required to prove that Murray had a second or subsequent conviction for abuse of a family or household member within two years before the alleged offense. Id. at 7, 169 P.3d at 959. During the hearing on pretrial motions, Murray's attorney stipulated that Murray had prior convictions within two years; the attorney then argued that evidence of Murray's prior convictions need not be presented to the jury because of the stipulation. Id. at 5, 169 P.3d at 957.

7

and grading all of the [SFSTs]" is not in itself proof that Wilson was operating a vehicle or that she was impaired. Thus, the stipulation in this case did not amount to a waiver of Wilson's fundamental right to have every element of a charged offense proven beyond a reasonable doubt.

Neither did the stipulation significantly impinge on Wilson's confrontation rights. Unlike the evidentiary stipulation at issue in Casey, the stipulation in this case did not serve as a substitute for evidence from which a factfinder could conclude that any element of the charged offenses was satisfied in whole or in part. Instead, this stipulation was to an evidentiary foundation involving the qualifications of a witness. Under the circumstances, we cannot say that the stipulation so infringed upon Wilson's right to confront Officer Hattori that a colloquy was required.

Id. at 464-65, 445 P.3d at 45-46 (footnote omitted).

In this case, as in Wilson, the District Court was not required to have a colloquy with Kwong before accepting her stipulation to Officer Wong's qualifications to administer the SFST.

For these reasons, the District Court's March 14, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 25, 2020.

On the briefs:

Earle A. Partington,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge